IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| RYAN M. SUMMERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 14-03312-CV-S-MDH |
| LINDA SANDERS, | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Petitioner, Ryan M. Summers, an inmate previously confined in the United States Medical Center for Federal Prisoners ("USMCFP"), petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The pro se Petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b) and Local Rule 72.1. Petitioner challenges the constitutionality of his involuntary medication hearing and subsequent authorization to involuntarily medicate him. (Doc. 1.) He seeks injunctive relief until the issue can be resolved. (*Id.*) Respondent filed a response, (Doc. 7), contending that Petitioner failed to properly exhaust his administrative remedies prior to bringing his Petition and that this Court lacks jurisdiction because Petitioner is no longer in Respondent's custody.[1] Because Petitioner has since been released from custody, it is **RECOMMENDED** that the Petition be **DISMISSED as moot**.

I. **Background**

---

[1] At the time the Government filed its brief on April 27, 2015, it appears that Petitioner was not confined at USMCFP. (*See* Doc. 7-1.) However, approximately 10 days prior to the Government filing its brief, the District Court for the District of New Mexico had granted Petitioner's request for a risk assessment. *United States v. Summers*, No. 13-mj-02966-KBM-1, *see* Doc. 49 (D.N.M. April 17, 2015). The record indicates that Petitioner was assessed by a panel at USMCFP, which released its report on June 3, 2015. *Id.* at Doc. 53. This information indicates that Petitioner was confined at USMCFP for some time after the Government filed its brief on April 27, 2015.

On September 23, 2013, the United States District Court for the District of New Mexico ordered that Petitioner be detained. *See United States v. Summers*, No. 13-mj-02966-KBM-1, *see* Doc. 9 (D.N.M. Sept. 23, 2013). On November 5, 2014, the District Court for the District of New Mexico held a hearing regarding a motion to determine the necessity of involuntarily medication for Petitioner. (*See* Doc. 7-1); *see also Summers*, No. 13-mj-02966-KBM-1 at Doc. 43. On November 13, 2014, the District Court for the District of New Mexico issued an order authorizing the BOP to involuntarily medicate Petitioner in order to render him competent to stand trial. (Doc. 7-1.) From December 26, 2013 to March 18, 2015, Petitioner was confined at the USMCFP in Springfield, Missouri for mental health evaluation. (*See id.*); *see also Summers*, No. 13-mj-02966-KBM-1 at Docs. 53, 54.

On April 17, 2015, the District Court for the District of New Mexico held a status conference for Petitioner's case. *See Summers*, No. 13-mj-02966-KBM-1 at Doc. 49. At that time Petitioner requested a risk assessment, which the court granted. *Id.* This risk assessment took place at USMCFP, indicating that Petitioner was again confined there for some time after April 17, 2015. *See id.* at Doc. 53.

On July 6, 2015, Petitioner filed an unopposed motion to vacate the detention order from September 23, 2013 and enter conditions of release. *Id.* The motion noted that, on June 3, 2015, a risk assessment panel from USMCFP released their report finding that Petitioner did not create a substantial risk of bodily injury to another person or serious damage to the property of another if released, and therefore he was no longer suitable for commitment. *Id.* Petitioner thus requested that he be released to his parents and that the court enter conditions of release. *Id.* On July 7, 2015, the District Court for the District of New Mexico granted Petitioner's Motion, ordering that he be immediately released and entering conditions of release. *Id.* at Docs. 54, 55.

Petitioner was subsequently conditionally released. *See id.* at Doc. 54, 55; *see also* Inmate Locator for BOP Register No. 75016-051 or Ryan Summers, Federal Bureau of Prisons, www.bop.gov/inmateloc (showing that Petitioner was no longer in BOP custody as of June 26, 2015).[2]

## II. Discussion

Article III of the U.S. Constitution allows the federal courts to adjudicate only actual, ongoing cases and controversies. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) ("Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.") (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) and citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 466). As has been explained by other courts, except in some limited circumstances, habeas corpus petitions are generally moot after a petitioner has been released:

> As long as a habeas corpus petitioner remains incarcerated, his claims cannot be moot, because a writ of habeas corpus can provide meaningful relief – namely release from custody. Once the petitioner is released from custody, however, his case becomes moot, unless he can show that a writ of habeas corpus would still provide him some benefit. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) ("Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained.")

---

[2] A court may take judicial notice of an inmate identification or registration number and cite to an inmate locator website to confirm the identification or status of a prisoner. *See Solliday v. Director of Bureau of Prisons*, Civil No. 11-CV-2250 (MJD/JJG), 2014 WL 6388568, at *2 n. 2 (D. Minn. Nov. 14, 2014) (citing *Wolfe v. Zappala*, No. 2:09CV315, 2009 WL 1160932, at *1 n. 1 (W.D.Pa. Apr. 28, 2009) (citing Pennsylvania Department of Corrections ("DOC") Inmate Locator Website, taking judicial notice of the DOC Inmate Identification Number of the plaintiff, and stating "[t]he court knows from general experience with prison litigation that such inmate identification numbers are unique to a given prisoner, in other words, no two prisoners would have the same DOC inmate number.").

*Woodard v. Fondren*, No. CIV. 08-194 (ADMJJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008).

In this case, Petitioner argues that he was not afforded the opportunity to call witnesses at his hearing and was unconstitutionally involuntarily medicated. He seeks a writ of habeas corpus that would enjoin the BOP from medicating him further. Because Petitioner has already been released, it would serve no useful purpose to consider whether he was unlawfully detained and medicated. Moreover, there are no collateral consequences associated with the instant Petition, as it alleges violations specific to Petitioner and his confinement at USMCFP. Reconsidering those issues now would afford Petitioner no meaningful benefit. Therefore, Petitioner's Petition is now moot because there is no live case or controversy to be resolved here. *See*, *e.g.*, *Woodard*, 2008 WL 5214396, at *2 (citing cases concluding that habeas corpus petitions were moot when the petitioner has been released).[3]

### III. Recommendation

For the foregoing reasons, it is hereby **RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), be **DISMISSED as moot**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: January 25, 2016

---

[3] Even assuming *arguendo* that the Court did have a live case or controversy, this Petition should still be dismissed because the evidence of record shows that Petitioner failed to exhaust his administrative remedies prior to bringing his Petition. Specifically, the record shows that Petitioner failed to appeal to the Central Office level. (*See* Doc. 7-1 (explaining that the BOP has an administrative procedure in place, *see* 28 C.F.R. § 542, and showing that Petitioner did not follow it)). Therefore, Petitioner did not exhaust his administrative remedies and his Petition can be dismissed on those grounds too. *See* 28 C.F.R. §§ 542.14-15 (the administrative remedy procedure is not exhausted until the inmate has properly filed with the Warden, the Regional Director, and the General Counsel, and received a formal response from each); *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974) ("a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court.").